UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN,
SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSITY FOOD CENTER, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHELTEN BENEFITS GROUP,<br><br>Defendant. | No. 20-cv-11501<br><br>CLASS ACTION |

## CLASS ACTION COMPLAINT

Plaintiff, UNIVERSITY FOOD CENTER, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated and, except for those allegations pertaining to Plaintiff or its attorneys, which are based upon personal knowledge, alleges the following upon information and belief against defendant CHELTEN BENEFITS GROUP ("Defendant"):

## PRELIMINARY STATEMENT

1. Defendant sent unsolicited advertisements by facsimile to Plaintiff and others in violation of the federal Telephone Consumer

Protection Act, 47 U.S.C. § 227, including regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

2. Defendant sent Plaintiff at least one unsolicited advertisement by facsimile, a true and correct copy of which is attached hereto as Exhibit A. Discovery might reveal more.

3. Exhibit A advertised the commercial availability or quality of Defendant's services and insurance products. Exhibit A advertises "$500 Deductible Health Plans" with "100% Coverage After Deductible," "RX and Office Visits," "HMO or PPO Platforms," and "Guaranteed [to] Issue with NO Pre-existing Limits." Exhibit A.

4. Plaintiff brings this action on behalf of a class of all persons or entities Defendant sent one or more unsolicited advertisements by facsimile.

5. Unsolicited facsimiles cause injury and damage to the recipients. A "junk" fax wastes the recipient's valuable time, and typically uses the recipient's fax machine, paper, and ink toner, for the advertiser's own purposes. Unsolicited faxes tie up telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for

2

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

6. For the entire class, Plaintiff seeks relief under the TCPA; specifically, (a) statutory damages for each violation of the TCPA, including increased statutory damages if the Court determines Defendant's violations were knowing or willful, and (b) an injunction to halt Defendant's unlawful fax advertising program. For the conversion count, Plaintiff further seeks attorney fees and all other relief the Court deems appropriate under the circumstances.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff is a Michigan corporation with its principal place of business in Detroit, Michigan.

8. Defendant is a Michigan corporation with its principal place of business in Clarkston, Michigan.

9. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims arise under federal law, 47 U.S.C. § 227. Supplemental jurisdiction exists over the state common law conversion claim under 28 U.S.C. § 1367.

10. Personal jurisdiction exists over Defendant in Michigan because its principal place of business is in this State, because Defendant transacts business in this State, and because Defendant committed tortious acts in this State by causing the transmission of unlawful advertisements by facsimile.

11. Venue is proper in the Eastern District of Michigan because both Plaintiff and Defendant are located in this District, Defendant committed statutory torts in this District, and a significant portion of the events took place in this District.

## FACTS

12. Plaintiff is a neighborhood grocery store.

13. Defendant sells insurance and employee benefits plans and its website is found at http://cheltenbenefitsgroup.com/.

14. Defendant sent Plaintiff at least one unsolicited advertisement by facsimile. A true and correct copy of a fax Plaintiff received on November 2, 2017, is attached as Exhibit A. Plaintiff's fax machine automatically printed Defendant's advertisement on Plaintiff's paper using Plaintiff's toner.

15. Exhibit A is a one-page document Defendant sent by fax

offering Defendant's services and soliciting enrollment in commercially available health insurance plans.

16. The TCPA prohibits the use of "any telephone facsimile machine, computer or other device to send, to a facsimile machine, an unsolicited advertisement…." 47 U.S.C. § 227 (b) (1) (C). The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission…." *Id.*, § 227 (a) (5).

17. Defendant sent <u>Exhibit A</u> and other facsimiles to Plaintiff and others. Plaintiff intends to locate those advertisements in discovery. *See* <u>Exhibit B</u>, demand for preservation of evidence.

18. Plaintiff did not invite or give permission to receive <u>Exhibit A</u> or any other advertisement from Defendant by facsimile.

19. Although Plaintiff and Defendant did not have an established business relationship ("EBR") when Defendant sent the fax, EBR is irrelevant in this case because Defendant's fax does not contain the opt-out notice required by the TCPA.

5

20. Plaintiff and the other class members owe no obligation to protect their fax machines from Defendant's unsolicited advertisements. Their fax machines are ready to send and receive their urgent or private communications, or communications relating to their business' profitable endeavors, not to receive Defendant's unlawful advertisements.

21. Defendant's unsolicited faxes damaged Plaintiff and the other class members. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving or sending authorized faxes, cause undue wear and tear on the recipients' fax machines, waste paper and ink toner, and always waste the recipients' valuable time in discerning the source and purpose of the unsolicited message. An unsolicited fax interrupts the recipient's privacy. Reviewing the fax wastes the recipient's valuable time that would have been spent on something else.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of a class, initially defined as follows:

> All persons and entities Defendant sent one or more facsimiles after June 9, 2016, offering property, goods, or services, without prior express invitation or permission, and without the clear and conspicuous opt-out notice required by

6

47 C.F.R. 64.1200 (a) (4) (iii).

Plaintiff anticipates modifying the class definition—including proposing subclasses if appropriate—after discovery about the scope of Defendant's fax advertising practices and any affirmative defenses Defendant pleads.

23. In this action, Plaintiff intends to discover, include, and resolve the merits of claims about all advertisements Defendant sent by fax, not merely the fax attached hereto as Exhibit A.

24. This action is brought and may be properly maintained as a class action pursuant to Fed. R. Civ. P. 23. The action satisfies Rule 23 (a)'s numerosity, commonality, typicality, and adequacy requirements. Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

25. **Numerosity/impracticality of joinder.** The class is so numerous that individual joinder of each member is impracticable. Plaintiff does not know the precise number of class members or their

identities, but expects to discover such information in Defendant's records or the records of third parties.

26. **<u>Commonality and predominance.</u>** There is a well-defined community of interest and there are common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

    a. Whether <u>Exhibit A</u> and other to-be-discovered facsimiles sent by or on behalf of Defendant advertised the commercial availability or quality of any property, goods, or services;

    b. The manner and method used to compile or obtain the list(s) of fax numbers to which Defendant's facsimiles were sent;

    c. The manner and method used to send facsimiles to Plaintiff and the other class members;

    d. Whether Defendant violated the TCPA, and if so, whether the Court should award statutory damages to Plaintiff and the other class members;

e. Whether Defendant willfully or knowingly violated the TCPA, and if so, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than three times the statutory amount;

f. Whether the Court should enjoin Defendant from sending advertisements by facsimile without prior express invitation or permission or, in the case of an EBR, without the clear and conspicuous opt-out notice the TCPA requires; and

g. Whether Defendant's conduct as alleged herein constituted conversion.

27. **Typicality of claims.** Plaintiff's claims are typical of the claims of the other class members because all were injured by the same wrongful conduct. Defendant sent each class member one or more unsolicited advertisements by facsimile. If Plaintiff prevails on its claims, then the other class members will prevail as well.

28. **Adequacy of representation.** Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class it seeks to represent. Plaintiff has retained attorneys who are competent and experienced in complex class action

litigation, and in TCPA litigation in particular. Plaintiff intends to vigorously prosecute this action. Plaintiff and counsel will fairly and adequately protect the interest of the class.

29. <u>A class action is the superior method of adjudicating the common questions of law or fact that predominate over individual questions.</u> A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford and wanted to undertake individual litigation, such cases would unduly burden the court system. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

<u>COUNT I</u>

<u>Telephone Consumer Protection Act, 47 U.S.C. § 227</u>

30. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

31. Defendant sent unsolicited advertisements by facsimile to

Plaintiff and the other class members.

32. An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

33. Exhibit A advertises the commercial availability or quality of property, goods, or services.

34. Defendant did not obtain Plaintiff's express invitation or permission to send Plaintiff an advertisement by facsimile and, therefore, will not be able to allege or prove a defense of "prior express invitation or permission."

35. Plaintiff did not have an "established business relationship" ("EBR") with Defendant when Exhibit A was sent by facsimile.

36. Exhibit A does not include the clear and conspicuous opt-out notice the TCPA requires on every advertisement sent on the basis of an EBR. *See* 47 U.S.C. § 227 (b) (2) (D) & (E) and 47 C.F.R. § 64.1200 (a) (4) (iii) & (v).

37. Section (b) (1) (C) (iii) of the TCPA requires that an opt-out notice must:

 (i)  … [be] clear and conspicuous and on the first page of the unsolicited advertisement;

 (ii)  … state[] that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

 (iii)  … set forth the requirements for a request under subparagraph (E)[ *i.e.*, the request (1) must identify the telephone number(s) of the telephone facsimile machine(s) to which the request relates, (2) must be made to the telephone or facsimile number of the sender provided pursuant to subparagraph (D) (iv), and (3) will not be binding if a person at the requesting party provides express invitation or permission to the sender "subsequent to such request"]; and

 (iv) … include[]—

  (I)  a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and

  (II)  a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses.

38.  Defendant's facsimiles lacked a TCPA compliant opt-out

notice.

39. The TCPA provides a private right of action as follows:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227 (b) (3).

40. The Court may treble the statutory damages if it determines that a violation was knowing or willful. 47 U.S.C. § 227 (b) (3).

41. Here, Defendant violated 47 U.S.C. § 227 (b) (1) (C) by sending unsolicited advertisements by facsimile (such as <u>Exhibit A</u>) to Plaintiff and the other class members.

42. Defendant is liable even if its actions were negligent. 47 U.S.C. § 227 (b) (3).

WHEREFORE, Plaintiff demands judgment individually and on behalf of all others similarly situated, and against Defendant, as follows:

13

  A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

  B. That the Court award $500.00 in statutory damages for each of Defendant's violation of the TCPA;

  C. That, if it finds that Defendant willfully or knowingly violated the TCPA, the Court exercise its discretion and increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount (Plaintiff requests trebling);

  D. That the Court enjoin Defendant from sending unsolicited advertisements by facsimile; and

  E. That the Court award costs and such further relief as it deems just and proper.

## COUNT II
## CONVERSION

43. Plaintiff incorporates by reference all paragraphs preceding Count I as though fully set forth herein.

44. Plaintiff brings Count II on behalf of itself and a class of similarly situated persons and against Defendant.

14

45. By sending advertisements to their fax machines, Defendant improperly and unlawfully converted the class's fax machines to Defendant's own use. Defendant converted Plaintiff's time to Defendant's own use, as it did with the valuable time of the other class members. Where printed (as in Plaintiff's case), Defendant improperly and unlawfully converted the class members' paper and toner to Defendant's own use.

46. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members each owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

47. By sending them unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

48. Defendant knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

49. Plaintiff and the other class members were deprived of the use

of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

50. Defendant's unsolicited faxes effectively stole Plaintiff's employee work time by forcing somebody to receive, review, and route Defendant's illegal faxes. Defendant knew or should have known employee time is valuable to Plaintiff, as it is to the other class members.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

    A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

    B.    That the Court award appropriate damages;

    C.    That the Court award punitive damages;

    D.    That the Court award attorney's fees;

    E.    That the Court award costs of suit; and

F.  That the Court award such further relief as it may deem just and proper under the circumstances.

| | |
|---|---|
| June 9, 2020 | Respectfully submitted,<br><br>UNIVERSITY FOOD CENTER, INC., individually and on behalf of all others similarly situated,<br><br>By: /s/ Phillip A. Bock<br>One of its attorneys<br><br>Phillip A. Bock<br>Robert M. Hatch (MI Bar No. P46566)<br>Molly E. Stemper<br>BOCK, HATCH, LEWIS & OPPENHEIM, LLC<br>134 N. La Salle Street, Suite 1000<br>Chicago, IL  60602<br>Tel: (312) 658-5500<br>Fax: (312) 658-5555<br>service@classlawyers.com |